ROBERTSON, Justice:
The Chancery Court of Jackson County confirmed the tax title of Leo P. Sellers, complainant, against all defendants, which included Sam A. Arnold and wife, Vernell Arnold, the record owners of the real property sold. The municipal tax sale was made on September 21, 1964, for delinquent 1963 City ad valorem taxes.
Only Arnold and his wife appealed. They contend that the tax sale was void, because the Pascagoula City Council did not comply with the provisions of Sections 3742-13 and 3742-15, Mississippi Code of 1942 Annotated (1956), requiring the municipal governing authorities to show the total assessment of the land roll, the total assessment of the personal roll, and the grand total for the Separate School District in the two Orders accepting, approving and equalizing the assessment rolls.
Section 3742-13 provides:
“The governing authorities, upon completion of the equalization, correction and revision of the assessment roll or rolls, shall enter an order approving the rolls and the assessments therein contained, subject to the right of parties in interest to be heard on objections as provided. The order adopted, approving the rolls and the assessment shall state the total assessment of the land roll and separately of the personal roll, but this shall not be required in the case of towns and villages.” (Emphasis added)
Section 3742-15 states:
“The governing authorities, after having heard and determined all objections to the assessment roll, or rolls, and the assessments therein contained, shall approve the same by an order entered on the minutes; and such order shall state the grand total of the personal roll and the grand total of the land roll. In the event the municipality has added territory, the order shall recite, separately, the above totals for the municipality, for the added territory, and the grand total for the separate school district.” (Emphasis added).
The Order of September 30, 1963, after listing in detail all the statutory jurisdictional requirements and after finding that all of these requirements had been met, provided:
“And the Board having completed the making of changes in the assessments as fixed by it on the Realty Rolls as it was satisfied should be made to fix the assessments of realty property at its actual value and so as to establish an equality and uniformity of taxation according to value among the taxpayers of the City of Pascagoula and the added territory of the Pascagoula Municipal Separate School District, and now being satisfied that the Realty Assessment Rolls for the year 1963, contain assessments fair, equal, uniform and just according to value; the Realty Assessment Roll of the *891 City of Pascagoula showing a total assessed valuation of $-and the Realty Assessment Roll of the Pascagoula Municipal Separate School District showing a total assessed valuation of $-
“It is therefore ordered that the assessment rolls of Personal and Realty property for the year 1963 and the assessments therein now contained in the total amount of $-be and they are hereby accepted, approved and made final and the clerk is hereby directed to deliver a copy of the said Real and Personal Rolls to the Tax Collector of the City of Pascagoula, Mississippi, which copy of said Rolls shall be the warrant of the said Tax Collector for the collection of municipal and school district ad valorem taxes levied by the City of Pas-cagoula on personal and realty property for the year 1963.”
While this Court has never been called upon to decide this exact question before, there is no doubt that Mississippi applies the test set forth in 51 Am.Jur. Taxation § 652 (1944), page 618, to the facts of each particular case in determining whether statutory requirements are mandatory, or merely directory:
“While the statutes of most states provide in considerable detail how the work of assessing the taxes shall be performed, compliance with all these provisions in exact conformity to the law is not necessarily a condition precedent to a valid tax. The test is whether the provision is for the benefit and protection of the individual taxpayer or is merely for. the orderly administration of public affairs. * * * Many regtilations, however, are made by statute, designed for the information of assessors and other officers, and intended to promote method, system, and uniformity in the modes of procedure, the compliance or noncompliance with which in no respect affects the rights of taxpaying citizens. Such provisions may be considered directory merely, and noncompliance with them does not affect the validity of the tax." (Emphasis added).
We find that these statutory requirements of inserting totals and grand totals in the Orders of the City governing authorities were primarily for the information of the municipal officers, and were not designed in any wise for the benefit and protection of the individual taxpayer. These totals and grand totals do not help the individual taxpayer in deciding the question of whether or not he should obj ect to his individual assessment.
It follows, therefore, that the statutory provisions, requiring the municipal authorities to insert totals and grand totals of the land and personal property rolls in the Orders approving and accepting these rolls, were directory only.
The judgment of the Chancery Court confirming the tax title of the appellee is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, PATTERSON and INZER, JJ., concur.